ANDREWS v. THE MASON CITY AND FORT DODGE RAILWAY COMPANY.

77 669
e115 345

77 669
134 377

1. **Railroads**: INJURY BY FRIGHTENING TEAM: KINDS OF NEGLIGENCE TO BE CONSIDERED. Plaintiff's team was frightened and he was injured, while attempting to drive past defendant's engine which was standing in the street of a town. The horses were frightened by a discharge of steam as they were passing. *Held*, in an action to recover, that the court properly refused to restrict the jury to the consideration of defendant's negligence in discharging the steam, and submitted to them the question of negligence in keeping the engine on the street for an undue time.

2. ——— : ——— : CONTRIBUTORY NEGLIGENCE : EVIDENCE. In such case, where there was a legitimate inquiry as to whether plaintiff ought not, as a prudent man, to have taken another route by crossing the track, the court properly admitted evidence as to the height of the track at the place where it was claimed he ought to have crossed.

3. ——— : ———: FIREMAN IN CHARGE OF ENGINE : EVIDENCE : INSTRUCTION. Where the evidence was that the engineer was absent from the engine at the time of the injury, and that, when he went away he said to the fireman, " Watch her,"—the engine at the time standing in the street of a town,—and the fireman while "watching her" discharged the steam which frightened plaintiff's horses and caused the injury, *held* that the jury was justified in finding that he was in charge of the engine, though the engineer testified that he was not left "in charge ;" and that the court was justified in instructing that defendant was liable if the fireman, while so in charge, negligently discharged the steam.

4. Instructions : REFUSAL TO GIVE : NO PREJUDICE. Although an instruction asked is correct, there is no prejudice in refusing it when another is given on the same point equally, if not more, favorable to the asking party.

5. ——— : SPECIAL INTERROGATORIES : FAILURE TO ANSWER. A failure on the part of the jury to answer special interrogatories is not necessarily a ground for setting aside the verdict, when they do not call for facts without which the verdict cannot be sustained.

6. Pleading : AMENDMENT TO CONFORM TO PROOFS. An amendment of the petition to make it conform to the evidence is properly allowed at the close of the testimony.

*Appeal from Webster District Court.*—HON. JOHN L. STEVENS, Judge.

FILED, MAY 24, 1889.

ACTION for personal injury caused by a train on defendant's road. Judgment for plaintiff and defendant appeals.

*A. N. Botsford,* for appellant.

*Chase & Chase,* for appellee.

GRANGER, J.—The defendant's road passes along Main street in the town of Lehigh some four hundred feet, and in that distance it makes diagonally across the

street. This street is the principal business street of the town. On the day of the injury complained of the defendant's engine stood in the street at a point on its track, so as to leave a distance of about fifteen feet between the engine and the edge of the sidewalk on the west side of the street. The plaintiff was in the act of taking a trunk from the depot to a store on the west side of the street with his team and wagon. To reach the store by going on this street he must pass the engine. To reach the store by passing the engine on the east would necessitate crossing the defendant's track, which stood from ten to twelve inches above the surface of the street, and with a team and wagon, with only a trunk, it could be crossed. The plaintiff drove past the engine on the west side, and, while passing, the person on the engine caused a discharge of steam on that side, on account of which the team took fright, ran the wheels of the wagon against the sidewalk, threw the plaintiff from the wagon, and severely injured him. The negligence charged against the defendant company is (1) allowing the engine to remain for an unnecessary length of time on the street; (2) the discharge of the steam when the plaintiff was passing the engine. The question of the contributory negligence of the plaintiff was also urged by the defendant.

At the instance of the defendant the jury returned the following special findings, which are necessary to an understanding of some of the questions presented: "*Question* 1. Was the engine at the time of injury standing alone north of School street, detached from the flats? *Answer*. Yes. (2) Was the engine waiting idle until the flats should be unloaded? *A.* Yes. (2½) Was Brownell, the fireman, the only person on the engine at the time? *A.* Yes. (3) Was plaintiff driving the team as it approached the engine at the time of the injury? *A.* Yes. (4) Did plaintiff know, before the injury, that his team, or either of them, was afraid of the cars or engine? *A.* Don't know. (5) As plaintiff approached the engine, was his team, or either of the horses, frightened at the engine? *A.* Don't know.

(6) Was the action of the team, or either of the horses, as plaintiff approached the engine with the intent to pass, such as warned him that it was dangerous to make the attempt? *A.* Don't know. (7) What was the space left clear between the engine and sidewalk in which plaintiff could pass? *A.* Fifteen feet. (8) Was plaintiff negligent in making the attempt to drive his team past the engine and between it and the sidewalk? *A.* No. (9) Did plaintiff's act in driving his team towards and up to the engine and attempting to pass the same contribute to aid or help to bring about the injury? *A.* No. (10) Although the road may have been further, was there not a safer road that plaintiff could have taken to reach where he was going, than attempting to pass the engine? *A.* No. (11) Do you find that steam was discharged from the cylinders of the engine at the time of the injury by the act of the person on the engine? *A.* Yes. (12) Did the fireman, Brownell, know at the time that plaintiff was attempting to pass the engine, and did he see plaintiff approaching? *A.* Don't know. (13) Did the fireman, Brownell, see the plaintiff until the accident happened? *A.* Don't know. (14) Was the act of discharging the steam under and behind the plaintiff's team wilfully done? *A.* Don't know. (15) Was the act of discharging the steam under and behind plaintiff's team done with the purpose to frighten the plaintiff's horses? *A.* Don't know."

I. Appellant urges that the entire evidence tends to show that the proximate cause of the injury was the discharge of steam while the team was passing, and that any other evidence of negligence was immaterial, and hence that it was error to frame instructions for the jury based on such testimony; and the argument refers to the fourth and fifth instructions as objectionable in this respect. These instructions treat of what may be negligence on the part of the company in leaving its engine on such a street for an unreasonable length of time, and it is appellant's theory that, if the injury was caused by the discharge of the steam, it can

1. RAILROADS: injury by frightening team: kinds of negligence to be considered.

Andrews v. The Mason City & Ft. D. Ry. Co.

make no difference how long the engine had been there, or, to use the language of the argument: "Suppose it was negligence, the fact that it stopped at the place of the accident and remained an unreasonable length of time was in no manner connected with the injury directly." A word in this respect should suffice. If the conceded negligence of remaining had not been, would the accident have occurred? Without that the act causing the injury could not have happened,—that is, it could not have happened at that place. It was evidently the noise at that place that caused the fright, and it was because of the engine being there when it should not have been. Conceding the negligence in delaying the engine, the accident seems to have been a direct result of it.

II. The next alleged error is that the court erred in admitting testimony as to the height of the track

2. —: —: contributory negligence: evidence.

above the ground at or near the place of the injury. There is testimony directed to the question of whether it would not have been safer for plaintiff to have crossed over to the east side of the track. Such a question was put by appellant's counsel to plaintiff, and that seems to have been a legitimate inquiry as to the question of contributory negligence, and to that end it was proper to inquire as to the character and condition of the track he must cross. It was proper to consider all the surroundings in passing upon the question of plaintiff's negligence in driving where he did; as, could he prudently attempt to cross the track as it was, and with the engine and train there?

III. At the time of the accident the engineer in general charge of the engine had left it temporarily, and

3. —: —: fireman in charge of engine: evidence: instruction.

the fireman was alone with it; and there is considerable controversy as to the capacity in which he was there, or as to his duties, as he was the one who caused the discharge of steam that frightened the team. The sixth instruction said to the jury, in substance, that if the fireman was left by the engineer in temporary charge of the

engine, and while so in charge, or while employed in the discharge of his duties as fireman, he negligently or wilfully let off steam and thereby frightened plaintiff's horses, and injured the plaintiff, the defendant was liable; and this is assigned as error on the ground of an absolute want of evidence to justify it. It is in evidence and unquestioned that the engineer left the engine on the street with the fireman, and told him to "watch her;" that he was gone some five minutes; and that the injury occurred during his absence. There is evidence, then, as to the fireman being there to watch the engine, and that while thus with it alone he let off the steam charged to have caused the injury. The court charged the jury in this instruction that if the fireman was not left in charge of the engine, or was not in the discharge of his duties as fireman, when the steam was let off, the company was not liable, and it leads to the question if the jury could legally find, from the evidence of his being left to watch the engine, that he was in charge. The engineer, it is true, says that he did not leave him "in charge," but to watch the engine. We do not think the jury was bound to accept this statement as conclusive. It is at best but his interpretation of what he meant by telling him to "watch her." It is not pretended that he said to the fireman more than the words quoted. What, then, would a jury be warranted in finding as the duties of a fireman left to watch an engine on the business street of a town during the temporary absence of the engineer? We think they were warranted in finding that it was his duty to take care of it, and to use his judgment in that respect. Although the word "charge" was not used, we think it cannot consistently be claimed that the fireman was not in temporary charge of the engine, and in such a manner that, as to third parties, the company was liable for his negligent acts. Such a rule, we think, is demanded by public policy. We think the testimony sufficient to justify the instruction given.

IV. Appellant asked the court to give the following instruction: "The fact that defendant negligently

Andrews v. The Mason City & Ft. D. Ry. Co.

4. INSTRUCTIONS: refusal to give: no prejudice. allowed its engine to stand upon the street would not authorize the plaintiff to make the attempt to pass if he knew, or had good reason to believe, that such an attempt would be accompanied with peril and danger." This the court refused, and gave the following: "You are instructed that it was the duty of plaintiff in approaching the engine to exercise that degree of care and prudence for his safety which an ordinarily prudent man would have exercised; and if you believe from the evidence that by the exercise of that degree of care and prudence he would have avoided the injury, you should find for the defendant." Without questioning the correctness of the instruction asked, that given by the court is equally correct, as a law proposition, and certainly is favorable to the appellant.

V. To the fourth, fifth and sixth questions submitted to the jury it returned the answer, "Don't know," and this fact is urged as a reason for setting aside the verdict. The plaintiff was not required to establish any of the particular facts suggested by the questions to entitle him to recover, and the most that can be said is that these facts were not established. A reference to them will show that an affirmative answer to any or all would tend to show negligence on the part of the plaintiff. A negative answer, or a failure to answer, could have no such tendency. A failure to answer is but indicative of insufficient proof to establish the fact, and facts are by no means to be assumed from a want of evidence for their support. Independent of these particular facts, diligence on the part of the plaintiff may have been found, and evidently was. They are not of those ultimate facts without which the verdict could not be sustained. If there are other facts upon which the verdict may rest, a failure to answer these questions will not justify reversal.

5. ——: special interrogatories: failure to answer.

VI. At the close of the testimony the plaintiff was permitted to amend the petition to conform to the

6. PLEADING: amendment to conform to proofs.    proofs, against the objections of the defendant.    An examination of the pleadings shows that the only legal effect of the amendment is to so change the averments of the petition as to make the act of discharging the steam that of the "engineer or fireman," instead of the "engineer."    The argument in this respect is upon the theory that there is no evidence to justify it.    This point has already received sufficient notice, and the court did not err in allowing the amendment.

VII.    Error is assigned as to the refusal by the court to give instructions asked by appellant.    We do not think it necessary to consider them separately. They merely announce rules in support of appellant's theory as to the testimony, and as to which our views are expressed.    We think there is testimony to sustain the verdict, and the judgment is

AFFIRMED.