SARAH PRAY v. THE LIFE INDEMNITY AND SECURITY COMPANY AND C. E. MABIE, Secretary, Appellant.

Assessment Insurance: PAYMENT OF INTEREST. A life insurance company will not be required to collect and pay over interest in a death claim where the contract of insurance entitles the beneficiary to "the net proceeds of one full assessment at schedule rates" and there is no provision in the schedule for assessment for the payment of interest, but simply for a specific sum for each death, according to the age of the person assessed.

ASSIGNMENT: Practice. A life insurance association against which a beneficiary has recovered judgment cannot ask to be protected against an assignment of a portion of the claim made by the

plaintiff when the assignee, although testifying as a witness, did not claim an interest in the case and it does not appear that the company is liable to him, though it is notified by the beneficiary that she has borrowed of the assignee and is directed by her to charge the amount against the policy and retain it for the lender.

SET-OFF. Upon the granting of a decree directing an assessment to be ordered by a life insurance association for the payment of the plaintiff's claim, a judgment held by the defendant against the plaintiff will be allowed as a set-off against the amount realized from the assessment ordered.

NOTICE: *New contract.* Notice of assessments not having been mailed within the time after their date required by by-laws, and not having allowed the insured the full time he was entitled to in which to make payment, and the payment made after the time they were due having been retained, the provision in the receipts that they were given and accepted on condition that assured was in as good health as when received as a member of the association (which conditional receipt was not authorized by the by-laws or otherwise, except that it was examined and approved by the board of directors, but without record of their action), cannot be asserted to defeat recovery on the certificate of insurance.

WAIVER OF PROOF OF LOSS  An action upon a life insurance certificate is not barred for failure to furnish proofs of death of a prescribed form, where the beneficiary applied to the company for blank forms to be filled out, and which were refused on the sole ground that the certificate had been forfeited.

Actions: DISMISSAL WITHOUT PREJUDICE. An action agreed to be argued and submitted in vacation, but dismissed by the plaintiff before a hearing, is not a bar to a subsequent action for the same cause, although the defendant's answer in the first suit set up a counter-claim as set-off, where the defendant sets up the same defense in the subsequent action.

PARTIES. In an action against an assessment insurance company on a certificate entitling the beneficiary to the amount of an assessment, it is not necessary to make the secretary a party.

*Appeal from Black Hawk District Court.*—HON. J. J. TOLERTON, Judge.

FRIDAY, DECEMBER 17, 1897.

PLAINTIFF, the beneficiary named in a certificate of life insurance issued by the defendant on the life of Ira Christie, now deceased, brings this action for judgment,

and for an order requiring the defendant to make an assessment to pay the amount alleged to be due under said certificate. The defendant answered, pleading as defense, in substance, as follows: That this action is barred, for the reason that proofs of loss were not made within sixty days from the date of the death, as required by section 3, chapter 211, Laws Eighteenth General Assembly; that there was another action pending between these parties, involving these same issues; that said certificate was forfeited by reason of failure to pay benefit assessments Nos. 34, 35, 38, and 40. The defendant also pleads two unsatisfied judgments, which it holds against the plaintiff, and asks that the amount thereof be set off against any amount found due the plaintiff. The plaintiff, in reply, denies that said assessments were legally made, and denies that Ira Christie was legally notified thereof, or that, by reason of nonpayment of said assessments said certificate was forfeited. The issues will more fully appear in the opinion. Decree was rendered in favor of the plaintiff. Defendant appeals.—*Modified and affirmed.*

*Alford & Gates* for appellant.

*Boies, Couch & Boies* for appellee.

GIVEN, J.—I. Appellant's first contention is that this action is barred, for the reason that proofs of loss were not furnished within sixty days from the date of Mr. Christie's death. There is nothing contained in the defendant's by-laws, nor in this certificate, fixing the time within which proof of death must be made; but appellant's contention is that the case comes within chapter 211, Laws Eighteenth General Assembly, and that proof of death must be made within sixty days from the date of the death. Whether this statute

applies we will not stop to consider, as, in the view we take of the case it is immaterial. Mr. Christie died September 7, 1886, at Pasadena, Cal., and on that day plaintiff sent "an order of notice" to the defendant, which was received, "reciting the death of her son, Ira Christie," also stating that she had been compelled to borrow two hundred and fifty dollars of M. W. McGee, and directing the defendant to charge that sum against the policy, and to retain it for Mr. McGee. Mr. McGee wrote the defendant on the same day, inclosing the notices of the death and of the loan to Mrs. Christie, which notices were also received by the defendant. The certificate provides that "upon the receipt at the Waterloo office of satisfactory proofs, on blanks furnished by the association of the death of Ira Christie, this association will pay to his mother, Sarah Christie," etc. On September 17, 1886, plaintiff wrote to defendant, from Rock Falls, Ill., as follows: "Send blanks to me to be filled out for the death of Ira Christie, certificate No. 6,699, and give me such other information as I shall require." Defendant did not send the blanks, but answered September 20, 1886, returning money sent in payment of assessment No. 44, for the reason that "the certificate expired on the evening of the 5th of September." The defendant further says: "The death, as you said, occurred on the 7th of September. Therefore, the association is not liable, and we cannot accept the money." It is manifest from this and other correspondence that the defendant, as is alleged by the plaintiff, at all times denied its liability, solely upon the ground that the certificate had been forfeited. It did not furnish blanks, as required by the certificate, because it did not desire other proofs of the death than those which had already been furnished. Under these circumstances, it was not required, even under said act of the Eighteenth General Assembly, that plaintiff should do more in the

way of furnishing proof of the death. It is true that the plaintiff did, a long time after the death, furnish formal proofs thereof, but this act cannot affect the rights of the parties. This action is not barred for want of poofs of the death, for the reason that the defendant waived any right it had to other or different proofs of the death than those which were furnished by failing to furnish the blanks when required, and by basing its denial of liability solely upon the claim of the forfeiture of the certificate.

II.   Appellant's next contention is that this action is barred by the pendency of the other action between these parties, upon these same issues. That action was heard at the March term, 1894, and, "by agreement, case to be argued and submitted in vacation, and decision to be rendered in vacation." This case was commenced July 27, 1894, and was heard in June, and decided July 26, 1895. On April 12, 1894, plaintiff filed a written dismissal of the other action, but, at the time of this hearing, that case had not been taken from the docket. Appellant contends that the written dismissal did not dismiss that case, because it was after submission, and because the defendant's answer contained a counter-claim. That case was to be submitted in vacation, and it does not appear that it had been submitted before the dismissal was filed. The alleged counter-claim was the same two judgments set up in this case, and the relief asked was not for judgment on these judgments, but that the amount thereof might be set off against any amount found in the plaintiff's favor. As, by the dismissal, the plaintiff waived any right to recover in that case, there was no ground for granting the relief asked by the defendant, and the dismissal was an end of the case, and therefore it is not a bar to this action.

III.   Counsel discuss the question whether the assessments Nos. 34, 35, 38, and 40 were legally levied,

and whether the notices thereof are such as that Mr, Christie forfeited his certificate by failure to pay said assessments within the time required. It is not disputed that these assessments were on account of the death of members in good standing, and that Mr. Christie was liable therefor in the amounts assessed. In view of this fact and our conclusion with respect to the notice, we do not inquire as to the regularity of the manner in which assessments were made, but accepting them as regular, we inquire as to the notices. The certificate recites, as one of the considerations therefor, the prompt payment of such benefit assessments as may be legally levied by its board of directors, and that the certificate shall be void if the amount of any assessment made under said certificate is not received at the Waterloo office within thirty days from the date of notice thereof. Section 19 of the by-laws in force at the time Christie became a member provided that "such assessments shall be paid to the secretary within thirty days from the notice thereof. Five days shall be allowed after mailing such notice by the secretary before members shall be considered to have received such notice." Said section was amended August 5, 1884, to read as follows: "Such assessments shall be paid to the secretary within thirty days from the day on which the notice bears date. Five (5) days shall be allowed the secretary for mailing such notices after the date thereof, and five (5) days of grace shall be allowed the member in addition to the time mentioned in the notice." The dates of the notices of these assessments and of the mailing and payment thereof are as follows: No. 34 dated October 1, mailed October 8, 1885, and paid January 6, 1886; No. 35, dated November 1, mailed November 9, 1885, and paid January 6, 1886; No. 38, dated February 1, mailed February 8, and paid March 12, 1886; No. 40, dated April 1, mailed April 7, and paid May 18, 1886. Each of these

notices required that the assessment must be received "within thirty days from the day on which this notice bears date." If we allow to the member in addition to the thirty days, the five days allowed for mailing and the five days of grace, still it will be seen from the above dates that none of these assessments were paid within forty days from the date of the notice thereof. It will be observed that said notices required payment within thirty days from their date, thereby not allowing the time given for mailing, nor the five days of grace, and that none of said notices were mailed within five days of their date. If the secretary might withhold mailing the notices for seven, eight or nine days after their date, as he did, he might for a longer time, and thus deprive the member of the time for payment to which he was entitled, as that time must be counted from the date of the notice. The defendant received these payments at the dates named, and did not return the same, but retained them. Therefore, if nothing further appeared, it would be held to have waived the time for payment, and consequently a forfeiture of the certificate if the notices had been as required. It appears, however, that, upon receipt of each of these payments, the defendant sent to Mr. Christie its receipt therefor, as follows: "The time having expired for the payment of the above assessment, and payment being tendered after the same was due, this receipt is given by the association, and accepted by the member, upon the following conditions, and not otherwise: *First.* That said member is now living and of temperate habits, and in as good health as when originally received a member of this association; otherwise, said payment and this receipt and said certificate shall be null and void. *Second.* The receipt of the above sum after the same is due shall not establish or be considered a precedent for the payment of future assessments or dues under said certificate. *Third.* No payment of subsequent dues or assessments

under said certificate shall in any way impair, alter, or change the terms or affect the conditions of this receipt, or the payment thereunder, or re-establish membership in this association, except upon the fulfillment of the first condition of this receipt." It is alleged and abundantly proven that, at the time of these payments, Mr. Christie was not in as good health as when originally received as a member, but was declining with consumption, and that defendant had no knowledge of that fact until after his death. It also appears that Mr. Christie retained these receipts without making any protest or objection thereto. A contention in this case is as to the effect that should be given to this condition in those receipts. While provision is often made by insurance companies that reinstatements shall be on condition that the assured is in good or usual health, there is no such provision in the articles of incorporation or by-laws of the defendant, nor in this certificate or the application of Mr. Christie therefor. The contract, as originally made, was made in contemplation of sickness and death. It is a contract to pay to the plaintiff the net proceeds of one full assessment, not exceeding two thousand, five hundred dollars, within ninety days after the death of Ira Christie, conditioned only that semi-annual dues and benefit assessments should be paid within the time required, and that the assured would not impair his health by the use of alcoholic liquors and that he had not concealed any material fact as to his health. We do not understand appellant to contend that the decline in Mr. Christie's health was cause for forfeiting the contract, as evidenced by the certificate. The claim is that by receiving and retaining these receipts with that condition expressed therein, without objecting thereto, a new contract was entered into, conditioned that the health of Mr. Christie was then as good as at the time he became a member. Appellee contends that the secretary who sent out these

receipts had no authority to make such a contract, nor to receive payment upon such condition. The only authority the secretary had was that this form of receipt was examined and approved by the board of directors, but without any record of their action, and without any change in the articles or by-laws of the company. As we have said, the contract, as evidenced by the certificate, is that the defendant would pay the proceeds of an assessment to the plaintiff on the death of Ira Christie, on the conditions therein named. The future state of Ira Christie's health was not made a condition upon which the contract was to continue, but it was to continue subject only to the conditions we have named.

We do not think it should be held that, by merely retaining the receipts without protest, Ira Christie consented to a new contract on the conditions named in the receipt. Of the many cases cited by appellant, we notice the following: *Garbutt v. Association*, 84 Iowa, 293, is a case somewhat similar to this, but the question of the authority to make a new contract, or whether a new contract was made, was not considered in the case. The principal questions there considered were whether there was a forfeiture or waiver of a forfeiture, as affected by the time of the death for which the assessment was made, and whether the plaintiff was entitled to notice of the dues and assessments payable, her name being omitted from the defendant's books. There are a number of cases cited wherein receipts, conditioned as these, are sustained; but in those cases it will be found that some provision had been made for such conditional reinstatements, or where the original contract had been treated as waived and at an end. In view of the facts that the notices were not mailed within the time required after their date, did not allow to the assured the full time in which he was entitled to make payment, and that the payments were retained, we do

not think that the defendant should be heard to assert said conditions in the receipts to defeat recovery upon this certificate.

IV. Appellant complains that the decree requires it to collect and pay over interest from November 10, 1888. The amount to which appellee is entitled is "the net proceeds of one full assessment at schedule rates, upon all the members in good standing, at the date of said death to an amount not exceeding $2,500." There is no provision in the schedule for assessing for the payment of interest, but simply of a specific sum for each death, according to the age of the person assessed. We think that interest should not be allowed in such case.

Appellant complains that the court entirely disregarded the counter-claim pleaded in the answer. It was not denied that the amount of the two judgments was due from the plaintiff to the defendant, and we think that amount should be allowed as an offset against the amount that is realized from the assessment ordered.

Appellant also complains that it is not protected against the assignment of the two hundred and fifty dollars of this claim, made by plaintiff to Mr. McGee. Mr. McGee, though testifying as a witness in the case, and knowing of its pendancy, makes no claim therein, and, so far as appears, the defendant has never become liable to Mr. McGee, and therefore there is nothing against which it needs to be protected in this matter.

It is also contended by appellant that as defendant Mabie, its former secretary, is deceased, the present secretary should have been made a party to this action. We see no reason for having made Mr. Mabie a party. This action is against the corporation, and, in so far as it may go to control the official action of its officers, it is unnecessary that they, as individuals, be parties to the action.

The decree of the district court will be modified as to the allowance of interest, and so as to provide that the amounts of said judgments shall be deducted from whatever amount is realized on the assessment ordered; and thus *modified*, the decree is AFFIRMED.