SARAH CHRISTIE v. THE IOWA LIFE INSURANCE COMPANY
*et al.*, Appellants.

111   177
116   28

**Benefit Insurance:** LACHES OF INSURER IN ASSESSING: *Relief in equity.*
When through no fault of the beneficiary an assessment under the policy of a mutual life association has failed to produce sufficient funds and enough would have been produced had the assessment been made when it should, and as ordered in another action, the beneficiary may have judgment in equity for what he lost by failure to assess at the proper time.

INTEREST. Where a mutual benefit association failed to levy an assessment for the payment of a death loss as provided in a policy, interest should be allowed from the time of the breach.

**Pleading:** SUPPLEMENTAL PETITION. After a decree ordering an assessment to be made on members of a mutual life association to pay a policy has failed to produce sufficient funds, a supplemental petition setting out the facts, and asking judgment against the association was authorized by Code, section 3641, declaring that facts material to the issue, ·which have happened since the filing of the former pleading may be set up in a supplemental petition.

*Same.* Such supplemental petition was not invalid, in that it stated the same cause of action as the original petition, since it asked relief not given by the former decree and in so far as it contained restatement of matter found in the original petition, it but set out a history of the litigation.

**Judgments:** WHEN FINDINGS BECOME ONE. A finding of facts, together with conclusions of law filed by a trial judge with the clerk, is not a judgment, until actually spread on the court records.

CONFLICT BETWEEN. Where a judgment does not coincide with the views of the trial judge, as expressed in such a finding, it will be presumed that the judge has changed his views, rather than that the record is not right.

ADJUDICATION: *Decree left open.* A decree expressly continuing a cause for such relief as might prove essential to the protection of the plaintiff's rights was a final adjudication only. as to the issues decided.

VOL. 111 Ia—12

*Appeal from Blackhawk District Court.*—HON. F. C. PLATT, Judge.

SATURDAY, APRIL 14, 1900.

ACTION on a certificate of a mutual insurance company. The case has been here twice before. 82 Iowa, 360, 104 Iowa, 707. Decree on supplemental petition as prayed, and defendant appeals.—*Affirmed.*

*Alford & Gates* for appellant.

*Boies & Boies* for appellee.

LADD, J.—This suit was begun July 27, 1894, and a decree entered at the September, 1895, term, directing an assessment of the members of the association at the date of Christie's death, September 7, 1886, at schedule rates, and ordering the payment to plaintiff of the proceeds thereof, "not exceeding $2,500 and the interest thereon at six per cent. from the tenth of November, 1898 * * * (such payment to be made within 60 days after the date of filing such decree)," and also ordering "that said cause stand continued for such other and further orders and proceedings as may be necessary hereon to protect and enforce the legal and equitable rights of the plaintiff." The decree, with the exception of the allowance of interest, and the rejection of judgments pleaded in the counterclaim, was approved by this court December 17, 1897, and *procedendo* filed in the district court April 1st, following. See *Pray v. Security Co.,* 104 Iowa, 117. On the eleventh day of June, 1898, the plaintiff filed a supplemental petition, reciting in detail the course of litigation, and alleging that the proceeds of an assessment had not been paid to plaintiff or the clerk of court; that the defendant had so changed its plan of business that indemnity was no longer raised by assessment; that it had a large amount of property subject

to execution; that had an assessment been made within three months after the proofs of loss were waived, December 20, 1886, at which time the levy of assessment was demanded of the proper officer and refused, the full amount of the certificate would have been realized; that unless judgment was rendered for the amount of the certificate, with interest, plaintiff would be remediless, and this relief was prayed. The answer averred that the former decree was final; that a proper assessment on all members in good standing, who were such September 7, 1886, had been made, and seventy-eight dollars and fifty-eight cents realized therefrom; denied that the full amount claimed would have been produced, had an assessment been made December 20, 1886; and imputed laches to plaintiff in not pressing her action until most of the certificates in defendant company had expired by lapse of time. It also declared that. the supplemental petition contained no more than a restatement of issues adjudicated, and that it had been improperly filed.

I.   The former decision was made in vacation, with an agreement that a decree might then be entered. The trial judge filed with the clerk á finding of facts, with his conclusions of law, ending with the direction that judgment be entered. Whether this was sufficient in form as a decree need not be considered. It was never spread upon the records of court, and for this reason never became such. *Callanan v. Votruba,* 104 Iowa 672; *In re Weber,* 4 N. D. 119 (59 N. W. Rep. 523, 28 L. R. A. 621), and note. The record shows a decree which included these findings and conclusions, and in no way inconsistent therewith. Even were it conceded not to follow the written directions of the judge, it must be treated, in the absence of any showing to the contrary, as truly evidencing the decision of the court; for a change in the views of the judge will be presumed, rather than that the record is other than a verity. As the cause, after ordering the assessments of members, was expressly continued for

such relief as might prove essential to the protection of plaintiff's rights, and the matters now involved were not determined, the decree was a final adjudication only as to the issues decided.

II.   The practice of filing a supplemental petition in a case like this was approved in *Newman v. Association,* 76 Iowa, 65 (1 L. R. A. 659), where its necessity in order to reap the fruits of such litigation, is fully illustrated. Resort must be had in the first place to an action in mandamus to compel the levy of an assessment. *Bailey v. Association,* 71 Iowa, 691; *Rainsbarger v. Association,* 72 Iowa, 192, *Tobin v. Society,* 72 Iowa, 261. It was only after proceedings under the original decree had been exhausted that plaintiff was charged with knowledge of their failure, and given the right to demand the more drastic remedy sought in the supplemental petition. This was not a restatement of the issues, as contended by appellant, but, rather, a recital of the history of the litigation, together with the averments that but a trifling sum had been made available by that assessment under the decree; that defendant had ceased to raise indemnity by assessment in 1887; and that, had the assessment been levied on all members by the officers of the company within ninety days after proofs were waived, the full amount of the certificate would have been realized. These last two allegations were contained in the original petition, but the remedy granted in the decree was not based thereon. Code, section 3641, expressly declares that filing a supplemental petition shall not waive former pleadings. Restating them in the new pleading was a matter of convenience. All other averments were of matters transpiring after the beginning of the action, and properly came within the provision of the above section. The cause of action was the same as that originally stated. The relief only was necessarily different. Such a pleading is clearly within the statute permitting "facts material to the issue which have happened   *   *   *   since the filing

of the former pleading" to be stated in a supplemental petition. Code, section 3641. See *Leach v. Association,* 102 Iowa, 125; *Foote v. Light Co.,* 103 Iowa, 576.

III.   The evidence shows that the defendant ceased to raise indemnity for losses by assessment in 1887, except on account of deaths prior to that time, and that had an assessment been levied when the officers, as held under the former decree, were obligated by the certificates to make it, enough would have been realized to fully satisfy plaintiff's claim. Only eighty-one dollars was realized from that of February, 1898. For some twelve years the association has failed and refused to perform its obligation under the certificate, and through this omission of its duty the benefits to be derived from the collection of assessments from its members have been lost. This has been through no fault of the plaintiff. If she has not been vigilant in pressing these suits, no obstacle has been thrown in defendant's pathway to impede the fulfillment of its agreement. No reason has been suggested why such a corporation should be relieved from the payment of damages directly resulting from the breach of its contract, and we can think of none. True, its membership has changed somewhat, but the company is the same distinct legal entity, with a different name. The law, of necessity, deals with the artificial person in such cases, and not with its constituent members. The decision in *Newman's Case* was not bottomed on the defiance of the court's order, but on the proposition that "damages flowing from a breach of contract must be borne by the wrongdoer, rather than by the innocent party." The language there used is especially applicable to the case at bar: "Some one should answer for any shrinkage in an assessment now to be made, on account of the delay. The party should suffer for it who is in the wrong, and the defendant is obviously that party. It should make good to the plaintiff what he has lost by its breach of its contract to make an assessment, collect the money, and pay it to the plaintiff. To require less, upon

the record made in this case, would be a license to natural persons to organize corporations as a cover for the grossest frauds."

IV.    Interest computed on the amount of the certificate prior to December 20, 1886, was remitted, but appellant insists that no interest should be allowed previous to the entry of the decree ordering an assessment. We have held that an assessment on members of a mutual benefit association must be levied in strict accordance with the terms of the contract (*Garretson v. Association,* 93 Iowa, 402), and also that when these are fixed at definite sums, and authorized in order to pay a specified indemnity, interest may not be added; *Pray v. Security Co.,* 104 Iowa, 117. This case determined what was necessary in order to comply with the contract, not the measure of damages resulting from its breach. Instead of denying interest on all claims for unliquidated damages, this court has uniformly held that "it may be considered, as an element of damage, under the rule which permits its allowance in order to arrive at the sum which will be a just and lawful compensation for the injury sustained." *Richmond v. Railway Co.,* 33 Iowa, 502. Thus, to the value of property lost or destroyed, interest from the time this happened is added, as part of the compensation. *Johnson v. Rialway Co.,* 77 Iowa, 669; *Burdick v. Railway Co.,* 87 Iowa, 388; *Arthur v. Railway Co.,* 61 Iowa, 648; *Mote v. Railway Co.,* 27 Iowa, 27. This is on the ground that value can be ascertained, and when this has been done the owner is as plainly entitled to interest as he would be if a like sum had been payable in money. *Van Rensselaer v. Jewett,* 51 Am. Dec. 275, and note; *Selleck v. French,* 1 Conn. 32 (6 Am. Dec. 185). Here the amount which would have been raised by a timely assessment has been quite as certainly ascertained as the value of property might be, and all these years the plaintiff has been deprived of the use of a definite sum of money to which she was entitled. Compensation without interest would be in-

adequate, and we are of opinion that it should be included, not from the date of the decree or the beginning of the action, but from the time the money should have been paid under the terms of the contract. Niblack Mutual Benefit Societies (2d ed.), section 360; *Catholic Knights of America v. Franke,* 137 Ill. Sup. 118 (27 N. E. Rep. 86). See *German Sav. Bank of Davenport v. Citizens' Nat. Bank,* 101 Iowa, 530; *Hastings v. Insurance Co.,* 73 N. Y. 141.— AFFIRMED.