MRS. WILLIAM ALBERT THOMPSON, Appellant, v. IOWA STATE TRAVELING MEN'S ASSOCIATION, Appellee.

**INSURANCE:** Accident Insurance—Action on Policy—Waiver of
1 Defense. The provision of an accident policy that death benefits are payable provided death occurs within 90 days after injury occurs, is not waived by a written rejection of the claim for death benefits assigning as reasons therefor *"that the death was not the result of accidental means within the meaning and intent of the policy."*

**PLEADING:** Matters Specially Pleadable—Insurance Policy—
2 Waiver. When payment of death benefits under an accident policy is distinctly conditioned on the occurring of the death within 90 days from the injuries, the plaintiff must plead and prove a waiver of such provision, in case the death admittedly occurred subsequent to the expiration of said 90 days. Section 3629, Code, 1897.

*Appeal from Polk District Court.*—C. A. DUDLEY, Judge.

MONDAY, MARCH 12, 1917.

ACTION upon a certificate of accident insurance to recover a death benefit. The issues were made by a general denial. At the close of plaintiff's evidence, there was a directed verdict for the defendant. The plaintiff appeals.— *Affirmed.*

*Stipp, Perry, Bannister & Starzinger (Bagby & Baer,* of counsel), for appellant.

*Sullivan & Sullivan,* for appellee.

EVANS, J.—The defendant is a mutual

**1. INSURANCE: accident insurance: action on policy: waiver of defense.**

accident insurance company, and issues to its members certificates providing for indemnity against death or disability from accidental injuries. The plaintiff's husband, William Albert Thompson, was a member of defendant company, in good standing at the time of his death. The plaintiff brings her action as the beneficiary under her husband's certificate. Thompson died on March 25, 1915, of cancer on the tongue. The cancer was first discovered in April, 1914. Upon an examination at that time, it was discovered that certain dental bridge work of the insured had become broken, and that the rough edges caused by the break irritated the tongue. This cause of irritation was immediately remedied. A surgical operation was soon had, which consisted in removing a considerable part of the tongue. This operation was followed at intervals by four other surgical operations, the last of which was had on March 24, 1915, which resulted in the death of the insured on the following day. The action is predicated upon the claim that the accidental breaking of the dental bridge work was the direct and independent cause of the cancer; and expert evidence was introduced to that effect. The by-laws of the defendant company provide for weekly indemnity for disabilities caused by accidental injuries, and also indemnity in the event of death from like cause. No claim is involved herein for indemnity for mere disability. The claim is for death indemnity. The material part of the only provision in the by-laws for death indemnity is as follows:

"Whenever a member in good standing shall, through external, violent and accidental means, receive bodily injuries which shall, independently of all other causes, result in death within 90 days from said injuries, the beneficiary named in his application for membership, or his heirs, if no beneficiary is named therein, shall be paid the sum of $5,000," etc.

It will be seen from the foregoing that one difficulty confronting the plaintiff is that the accident relied upon by her did not result in death within 90 days. This difficulty is met by the plaintiff with the claim that the defendant waived this provision of the policy, and is thereby estopped from insisting upon the same. The facts upon which the claim of the alleged waiver is based are that, in response to proof of loss sent to the company by the plaintiff, the company wrote to the plaintiff the following letter:

2. PLEADING: matters specially pleadable: insurance policy: waiver.

"My dear Madam: Confirming a letter which we wrote to Mr. Matthews on April 30th, I now beg to advise you that; at a regular meeting of our board of directors held at the offices of the association on May 1st, the proof of claim which you filed under date of April 21st in connection with the death of Mr. Wm. A. Thompson was referred to our board for their consideration, and I am instructed to advise you that this board disallowed the claim filed by you, for the reason that the death of Mr. Thompson was not the result of accidental means, within the meaning and intent of the by-laws of the association, and that the association is therefore not liable. Yours very truly, L. C. Deets, Secretary. Claim Dept. FD-R."

It is contended for the plaintiff that this letter specified the ground of defense to plaintiff's claim, and in such specification eliminated the 90-day provision. It is said that the letter in effect limited the ground of defense to the claim that the death was not caused by accidental means. In support of this argument, reliance is had upon that class of cases which hold that, when liability is denied upon a specific ground, the party so specifying cannot change his ground after litigation is begun (*Wood v. Hall,* 138 Iowa 308, *Schillinger Bros. v. Bosch-Ryan Grain Co.,* 145 Iowa 750); also upon that class of cases which hold that denial of liability by an insurance company amounts

to a waiver thereafter of proof of loss as a condition prece-
dent to action (*Pray v. Life Indemnity Co.,* 104 Iowa 114,
*Bloom v. State Ins. Co.,* 94 Iowa 359, *Carson v. German Ins.
Co.,* 62 Iowa 433) ; also that class of cases that hold that
forfeitures are not favored, and that slight circumstances
will often be deemed sufficient to show a waiver. It is
urged also that the answer did not plead the 90-day provi-
sion, and that therefore it raised no issue thereon.

We think it clear that no question of forfeiture is in-
volved. Nor was it incumbent upon the defendant to plead
the 90-day provision as a special or affirmative defense.
The plaintiff did not in her petition set out the by-law which
we have quoted above. She alleged generally that the by-
laws did provide a death indemnity of $5,000 where death
resulted from accidental means. The general denial of the
defendant put this allegation in issue. In support of the al-
legation, the plaintiff introduced in evidence the by-law
above quoted. No other evidence was introduced in its sup-
port. Clearly, the proof did not support the allegation as
made. The burden was on the plaintiff to plead and to
prove a state of facts which came within the provisions of
the by-law.

Assuming that this burden could be met by a showing
of waiver, was the letter above quoted a sufficient showing of
such waiver? It is claimed in argument that the effect of
the letter in question was to advise the plaintiff that the
specific and only reason for the disallowance was that the
death of the insured did not result from accidental means.
The language of the letter is that such death "was not the
result of accidental means within the meaning and intent
of the by-laws of the association, and that the association
is therefore not liable." The by-laws disclose that the death
indemnity is not promised for death resulting from any and
all accidents. At this point, it insures only against such
accidents as result in death within 90 days. With that

thought in mind, could the secretary of the company fairly say that the claimed accident put forth in this case was not an accident within the meaning and the intent of the by-laws? Can any other meaning be fairly given to this letter than .that it was a general denial of liability, on the ground that the alleged accident set forth was not within the purview of the by-laws and was not such an accident as was insured against by death indemnity? The language of this letter was no more specific than was the general denial of the answer filed in the case. If no letter had been written, it would be clearly competent for the defendant to make this issue by its general denial. We see no fair reason why it could not make the issue likewise by its letter. One is no more specific or exclusive than the other.

The arguments deal also with the question as to whether the alleged waiver was sufficiently pleaded in the petition. In view of our conclusion on the merits of the waiver, we need not consider the question of the sufficiency of plaintiff's pleading. We see no escape from the conclusion that the accident relied upon as a basis of liability was not within the purview of the by-laws of the company. We are not disposed to give undue aid to merely technical defenses. On the other hand, accident insurance should not be made co-extensive in liability with life insurance.

We think the trial court properly directed the verdict, and its order is—*Affirmed.*

GAYNOR, C. J., LADD and SALINGER, JJ., concur.