## W. P. PATTERSON AND COMPANY *v.* TEMPLE ET AL.

[No. 14,204.   Filed March 9, 1932.]

*L. C. Holland* and *John A. Dunlap,* for appellant.
*Kenneth Call* and *Edgar J. Call,* for appellees.

BRIDWELL, C. J.—This action was instituted by the appellant against appellees for the recovery of a sum of money alleged to be due as a real estate broker's commission for procuring a buyer for real estate offered for sale by appellees. An answer of general denial was filed by appellees to appellant's complaint. A trial by the court resulted in a decision and judgment for the appellees. Appellant filed its motion for a new trial, which was overruled, and this appeal followed. The only error assigned is that the court erred in overruling the motion for a new trial. This motion was on the grounds that the decision of the court is not sustained by sufficient evidence and is contrary to law.

It appears from the evidence that appellant was engaged in the real estate brokerage business; that one Anthony Gross and his wife were customers of appellant; that Mr. Gross came to the office of appellant and informed L. A. Harmon who managed the real estate business of appellant that he wanted to trade his property in Gary, Indiana, for a little farm, 60 or 80 acres; that Harmon knew appellees owned a farm in Marshall County, Indiana, that was for sale, and thereafter interested himself in finding out if a trade could be made between the parties, showing to each the property of the other; that on September 26, 1929, the said L. A. Harmon and Bertram Jensen, who was the secretary-treasurer of appellant, went to the home of appellees and the terms upon which a trade might be made were discussed, and appellees stated upon what terms they would trade for the Gross property; the proposition was reduced to writing, signed by appellees, and delivered to appellant, which through its representatives then presented the proposition to Gross; that, after talking with Gross, Harmon advised Temple that Gross could not raise the money required to be paid under the proposition made by the Temples, and that, unless the "deal"

could be changed, they could not make it, and Temple advised that he would have to have the money; that, after this, appellant did nothing more towards effecting any trade.

The written instrument, signed by appellees, omitting description of property and liens, is, in substance, as follows:

"Proposition

"To W. P. Patterson & Company, 113 West 6th Avenue, Gary, Indiana.

"We, Fred M. Temple and Lucy B. Temple, *parties of the first part,* hereby agree to exchange the property known as (here 66 acres of real estate is described). Subject to (here certain mortgage liens are set forth). And the following (here certain personal property is described). For and in consideration of the following property which Anthony Gross and Sarah Gross, *parties of the second part,* agree to deliver to said parties of the first part: Sixteen Hundred ($1600.00) Dollars in cash; and (here real estate is described). Subject to (here certain mortgage liens are stated). Also (here other real estate is described). Subject to (here a mortgage lien is stated).

"Possessions to be given upon exchange of deeds. Taxes, assessments, insurance and interest on mortgages to be prorated as of date of deeds. This proposition is based upon a good merchantable title, to be evidenced by a complete and properly prepared abstract of title to both properties above mentioned, certified to date, to be furnished within ten (10) days from date of acceptance of this proposition. Both parties herein agree to complete the exchange of said real estate within ten (10) days after the abstracts showing a good merchantable title are exchanged by the parties herein.

"Both parties herein agree to pay W. P. Patterson & Company the regular real estate board commission.

"Both parties agree to deposit with W. P. Patterson & Company Two Hundred Fifty ($250.00) Dollars each as earnest money.

"Fred Temple
_____
"Party of the first part
"Lucy Temple
_____
"Party of the first part

_____
"Party of the second part

_____
"Party of the second part

"Dated at Gary, Indiana this 26th day of September, 1929."

The evidence without conflict shows that the written instrument above mentioned was never signed by Anthony Gross and Sarah Gross, or either of them, at any time. There is no evidence that appellees had ever at any time listed their property with appellant for sale and exchange, or signed any written instrument other than the one herein set forth in substance.

On October 11, 1929, appellee Lucy B. Temple called at the office of appellant and requested the return of the proposition signed by herself and husband, and, failing to receive this, procured from appellant a writing as follows: "The proposition for the sale of a farm between Gross and Temple has been cancelled. W. P. Patterson & Co. by Bertram Jensen." There is conflicting evidence as to what was said between Mrs. Temple and Jensen on the occasion when this writing was delivered to Mrs. Temple, and the evidence shows that negotiations were pending between the Grosses and the Temples for the exchange of their respective properties at the time, and that she went to see about the matter at the suggestion of Gross. On November 5, 1929, an

exchange of the real estate described in the proposition of September 26 was consummated by the owners of same, upon different terms and conditions from those stated in said proposition.

Appellant contends that, under the facts proved in this case, it is entitled to recover a commission from appellees, notwithstanding the fact that the written proposition secured by appellant from appellees to exchange property owned by them for property owned by the Grosses on certain definite terms was never accepted by the Grosses and never signed by them.

Conceding, without deciding, that the writing signed by appellees is sufficiently definite to bring the parties within the requirements of §8048 Burns 1926 (Acts 1913 p. 638), providing that, "no contract for the payment of any sum of money or thing of value, as and for a commission or reward for the finding or procuring by one person of a purchaser for the real estate of another, shall be valid unless the same shall be in writing, signed by the owner of such real estate," etc., we are of the opinion that the evidence here shows no right to recover a commission in appellant. In the instant case, appellees never agreed in any writing signed by them to pay a commission to appellant if it found a purchaser for their property; they did not list their property for sale or exchange with appellant to be sold or exchanged upon terms stated, or upon terms satisfactory to them, to any purchaser who might be secured. Pursuant to appellant's solicitation, they did sign a definite proposal to exchange their property for certain specifically described property owned by the Grosses upon specified terms. Under the authority conferred by the instrument signed, appellant had no right to offer appellees' property for sale or exchange to any person other than the Grosses. If the Grosses had accepted the proposition made, and signed the proposed

contract tendered by appellees, thus making it an enforceable obligation between the parties, then appellant might rightfully contend that a commission was due it, even though the trade was not completed, or was consummated on terms differing from those embraced in the contract. *Herr* v. *McConnell* (1918), 67 Ind. App. 529, 119 N. E. 496; *Luther* v. *Bash* (1916), 61 Ind. App. 535, 112 N. E. 110; *Provident Trust Co.* v. *Darrough* (1906), 168 Ind. 29, 78 N. E. 1030; *Miller* v. *Farr* (1912), 178 Ind. 36, 98 N. E. 805.

We must, however, keep in view the distinction between a contract of a broker to make a sale of his principal's property upon prescribed terms, and his contract to furnish his principal a purchaser to whom the principal sells upon his own terms. In the first instance, it is the duty of the broker to perfect a sale upon the prescribed terms submitted to him by the principal before he is entitled to his commission. In the second instance, the broker has earned his commission when he has introduced and brought together his principal and the proposed purchaser between whom a deal is perfected. *Olcott* v. *McClure* (1912), 50 Ind. App. 79, 98 N. E. 82; *Miller* v. *Stevens* (1899), 23 Ind. App. 365, 55 N. E. 262.

Appellant not having any contract for the sale of appellee's farm, and failing to secure an acceptance of the written proposition procured by it from appellees, is not entitled to recover a commission under the facts proved in this case.

We have considered the evidence, and it is amply sufficient to sustain the decision of the court below, and such decision is not contrary to law. No error was committed in overruling the motion for a new trial.

Judgment affirmed.