## HOFER v HOFER

Ohio Appeals, 9th Dist, Summit Co

No 3245. Decided Mar 14, 1940

Stanley Denlinger, Akron, for appellee.

I. S. Ballard, Akron, for appellant.

### OPINION

By STEVENS, J.

On August 30, 1933, Anna Hofer filed her petition against Christian George

Hofer, seeking alimony and custody of their child.

The defendant cross-petitioned, seeking a decree of divorce.

An agreement was reached as to alimony, which agreement was incorporated into the entry granting a divorce to the husband upon his cross-petition.

Proceedings were thereafter had wherein the decree as to alimony was sought to be reopened on the ground of fraud practiced upon the wife. These proceedings terminated unfavorably to the wife's contentions.

On April 24, 1939, a motion was filed by Anna Hofer, seeking the clarification and modification of the previous order of the court concerning alimony.

Upon hearing had, the court made an order "clarifying" said order, and placing thereupon the construction which the court found to have been intended by the parties and the court.

Appeal on questions of law has been taken to this court by Christian George Hofer from the order of the trial court "clarifying" said order for alimony.

The following errors are assigned:

1. That the court was without jurisdiction to modify the order complained of, because (a) plaintiff's motion was not filed within the time limit prescribed by law; and (b) plaintiff's application for the relief sought should have been by petition on summons issued, instead of by motion.

2. That the question presented by plaintiff's second motion is res adjudicata.

3. That plaintiff is estopped from asking the relief sought in her second motion.

4. That the court's action on said motion was against the manifest weight of the evidence.

It may be well to direct attention at this time to the fact that, while the motion of plaintiff sought the clarification and modification of the alimony order, the journal entry of the court dealt only with the clarification thereof.

The alimony order, concededly having been entered by agreement of the parties, was not subject to modification by the court, in the absence of fraud or mistake.

**Law v Law, 64 Oh St 369.**

However, we do not agree that the plaintiff's motion was not filed within time or that the application for the relief sought should have been by petition instead of by motion.

In that connection, **14 O. Jur., Divorce and Separation, §119, p. 519,** states the following:

"It appears to be well established that the jurisdiction of the court which enters the order or judgment for alimony can be invoked for modification, either by motion filed in the same case, or, in a proper case, by petition for that purpose in due form filed in a separate action in the same court. Consequently, it is immaterial that a pleading which has been regularly filed, setting forth the ground upon which the modification is asked, is designated a 'motion', instead of a 'petition'. The essential requirements of an application for modification, in whichever form it may be made, whether by motion or by petition, are that it shall inform the court, as well as the opposite party, of the conditions or circumstances relied upon as justifying or requiring a modification of the original decree, and that the grounds alleged or assigned must not relate to circumstances and facts that existed, and were, or might have been, pleaded in the former action, but to new facts, thereafter transpiring, which are of such a character as to make the modification necessary to suit such altered condition of the parties. * * *"

The question presented by plaintiff's second motion was not res adjudicata, because the first motion dealt with the question of vacation of judgment on the ground of fraud, and that was the question which the court decided. The second motion deals only with the

question of clarification of the alimony order.

We perceive no grounds here for the application of the doctrine of estoppel.

On the question of clarifying the judgment, this called for a construction of the terms used in the judgment of the court. Upon that subject, 34 C. J., Judgments, §794, dealing with the construction of judgments in general, states:

"The legal operation and effect of a judgment must be ascertained by a construction and interpretation of it. This presents a question of law for the court. Judgments must be construed as a whole, and so as to give effect to every word and part. The entire judgment roll may be looked to for the purpose of interpretation. * * * The legal effect, rather than the mere language used, governs. In cases of ambiguity or doubt, the entire record may be examined and considered. * * *"

It is our opinion that the court had a perfect right to construe and clarify its own judgment, and that such construction, if correct, did not amount to a modification of the judgment.

We do not find the order of the court to be manifestly against the weight of the evidence, but on the contrary find it to be sustained thereby.

Judgment affirmed.

WASHBURN, PJ. & DOYLE, J., concur.