OPINION *Page 2 
{¶ 1} Plaintiff-appellant Beverly Houchins appeals the June 19, 2006 Judgment Entry of the Stark County Court of Common Pleas, Domestic Relations Division, determining defendant-appellee Robert Houchins did not owe her arrearage payments pursuant to the parties separation agreement.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The parties were married on December 7, 1972, and appellant filed a complaint for divorce on September 12, 2001. On May 8, 2002, the parties entered into a separation agreement determining their rights and interests in the marital property. In particular, the separation agreement divided the parties' interests in appellee's pension plan. Section 3(A) of the agreement provides:
 {¶ 3} "The parties acknowledge that the Husband is a Participant in THE TIMKEN COMPANY 1984 RETIREMENT PLAN FOR SALARIED EMPLOYEES. The parties further agree that commencing June 1, 2002, the Wife as Alternate Payee of the Husband shall receive a benefit in the amount of $400.00 per month pursuant to a Qualified Domestic Relations Order (QDRO) to be prepared by the Wife at her expense. The Husband shall execute any consent required by the Plan Administrator to permit the Wife to commence receiving her benefits as of June 1, 2002."
 {¶ 4} The trial court approved the separation agreement and entered a final judgment granting divorce on May 8, 2002.
 {¶ 5} At the time the parties entered into the agreement, appellee was employed by the Timken Company. The agreement did not contemplate appellee's early retirement. *Page 3 
 {¶ 6} After receiving the QDRO, the plan administrators sent a letter to appellee informing him he would forfeit $1,200.00 per month from his Defined Benefit Plan for the rest of his life due to the terms of the separation agreement. The loss was based upon an actuarial adjustment to the plan to account for appellant's early retirement.
 {¶ 7} On July 31, 2003, appellee took early retirement from the Timken Company. Pursuant to the QDRO, appellant was required to take her interest in the pension plan immediately. Accordingly, her $400.00 per month benefit was actuarially reduced to $172.52 by the plan administrator.
 {¶ 8} As a result of the actuarial adjustments, the parties amended the separation agreement on September 26, 2003. The amended agreement required appellee to pay non-modifiable spousal support to appellant in the amount of $400.00 per month until March 13, 2013, appellee's 65th birthday. After this date, appellant would receive $400.00 per month from the pension plan.
 {¶ 9} The amended agreement provided:
 {¶ 10} "In the event that said QDRO does not result in the Wife receiving $400.00 in gross monthly benefits as set forth herein in this subsection; then, the Husband shall pay to the Wife each month, as and for additional non-modifiable spousal support, the difference between $400.00 and the amount of the gross monthly benefits received by the Wife."
 {¶ 11} A revised QDRO was issued to reflect the parties' new agreement.
 {¶ 12} Despite the amended agreement, the plan administrator began paying benefits to appellant immediately, pursuant to the terms of the plan. Accordingly, based *Page 4 
upon appellee's early retirement and the actuarial adjustment for appellant's life expectancy, appellant received only $172.52 per month.
 {¶ 13} Appellee filed a Rule 60(B) motion for relief from judgment. On January 10, 2005, the trial court set aside the amended separation agreement. Accordingly, the original May 8, 2002 separation agreement was automatically reinstated by operation of law.
 {¶ 14} The parties then filed a joint motion to determine the arrearages owed by appellee. The trial court conducted a hearing on the motion on June 14, 2006. Via Judgment Entry of June 19, 2006, the trial court determined appellant was not entitled to arrearages incurred due to the actuarial adjustment of appellee's pension plan. The trial court found appellant failed to object to the administration of the QDRO. The trial court further found it lacked jurisdiction to order any alternative distribution.
 {¶ 15} Appellant filed a motion for reconsideration of the June 19, 2006 Judgment Entry. Upon reconsideration, the trial court increased the amount of spousal support arrearages owed by appellee, but affirmed its decision with respect to the pension plan arrearages.
 {¶ 16} Appellant now appeals, assigning as error:
 {¶ 17} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO ENFORCE THE CLEAR AND UNAMBIGUOUS LANGUAGE OF THE SEPARATION AGREEMENT.
 {¶ 18} "II. THE TRIAL COURT ERRED BY DETERMINING THAT APPELLANT FAILED TO OBJECT TO THE ACTUARIAL ADJUSTMENT OF THE PENSION BENEFIT. *Page 5 
 {¶ 19} "III. THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING APPELLEE'S RULE 60(B) MOTION TO VACATE THE PARTIES' AMENDED SEPARATION AGREEMENT."
 I {¶ 20} In the first assignment of error appellant asserts the trial court erred in not enforcing the clear and unambiguous language of the separation agreement. Specifically, appellant argues the terms of the separation agreement were clear and unambiguous; therefore, the trial court was bound to apply normal rules of construction.
 {¶ 21} When a divorce decree contains an ambiguous term, the trial court has broad discretion to clarify the ambiguous language. However, if the terms of the decree are unambiguous then the courts must apply normal rules of construction. When the language of a written instrument is clear and unambiguous, the interpretation of the instrument is a matter of law and the court must determine the intent of the parties using only the language employed. Beverly v. Parilla (2006),165 Ohio App.3d 802.
 {¶ 22} Once the trial court granted appellee's Civil Rule 60(B) motion to set aside the amended separation agreement, the original May 8, 2002 separation agreement was reinstated. Upon review of the May 8, 2002 agreement, the language of the agreement clearly states, as of June 1, 2002, appellant was to receive $400.00 per month from appellee's pension plan. Further, the QDROs issued in the proceedings clearly contemplate appellant receiving $400.00 per month from appellee's pension plan. The actuarial letter issued by the plan administrators does not effect or modify the terms of the court's orders as set forth in the separation agreement. The plan does not supersede the original order. Accordingly, the trial court erred in not enforcing the clear *Page 6 
and unambiguous terms of the parties' original separation agreement dated May 8, 2002.
 {¶ 23} Appellant's first assignment of error is sustained.
 II, III {¶ 24} Based upon our analysis and disposition of appellant's first assignment of error, we find appellant's second, third and fourth assignments of error moot.
 {¶ 25} The June 19, 2006 Judgment Entry of the Stark County Court of Common Pleas, Domestic Relations Division, is reversed, and the matter remanded to the trial court for further proceeding consistent with the law and this opinion.
By: Hoffman, J. Gwin, P.J. and Delaney, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas, Domestic Relations Division is reversed and the matter remanded to the trial court for further proceeding consistent with the law and our Opinion. Costs are to be divided. *Page 1