[Cite as *Rochus v. Thompson*, 2017-Ohio-4138.]

STATE OF OHIO, NOBLE COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| ELISABETH J. ROCHUS, FKA ELISABETH J. THOMPSON | ) ) ) | |
| PLAINTIFF-APPELLEE | ) ) | CASE NO. 16 NO 0430 |
| VS. | ) ) | OPINION |
| DENNIS THOMPSON | ) ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Appeal from the Court of Common Pleas, Domestic Relations Division, Noble County, Ohio
Case No. 207-0030

JUDGMENT:     Affirmed.

APPEARANCES:
For Plaintiff-Appellee            Attorney Stephanie Church
139 West 8th Street
P.O. Box 640
Cambridge, Ohio 43725

For Defendant-Appellant        Attorney Clifford Sickler
508 North Street
Caldwell, Ohio 43274

JUDGES:

Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

Dated: June 5, 2017

DeGENARO, J.

{¶1} Defendant-Appellant, Dennis J. Thompson, appeals the trial court's judgment granting Plaintiff-Appellee Elisabeth J. Thompson, n.k.a. Elisabeth J. Rochus's motion to enforce the divorce decree and ordering that, pursuant to the decree, Rochus was entitled to one-half of a bonus payment from an amended oil and gas lease. For the following reasons, Thompson's assignments of error are meritless, and the judgment is affirmed.

{¶2} Rochus filed a complaint for divorce against Thompson and the case proceeded to a final, contested divorce hearing on July 24, 2007. In 1999, while still married, the parties entered into an oil and gas lease with the Oxford Oil Company with respect to 120 acres they owned in Stock Township.

{¶3} Pertinent to this appeal, following the presentation of testimony and evidence, the trial court issued a decision in advance of the final decree, which determined: "Oil and gas exploration is in progress on the Stock Township acreage. That real estate is valued at $65,000.00. The current rent/royalties from production should be divided one/half to each party and action taken to have the appropriate division orders sent to the royalty payer." All other mineral rights to the parties' various parcels of real estate were retained by Thompson.

{¶4} A final decree of divorce was issued on November 20, 2007 and a nunc pro tunc decree followed on August 20, 2008. Within the decree, the trial court ruled: "The Stock Township property has oil and gas expiration [sic] in progress. The rents and royalties received from said production shall be divided with each party receiving one-half (1/2) thereof." The trial court further determined: "All future oil and gas royalties Paid by Oxford Oil or Devco Oil shall be divided equally between the parties. Oxford Oil and/or Devco Oil are ordered to disburse one-half of each future royalty payment to Dennis J Thompson at 134 Main Street, Summerfield, Ohio 43788 and one-half directly to Elisabeth J Rochus at 54880 SR 566, Senecaville, Ohio 43780." Finally, the trial court ordered the "[r]eal estate owned by the parties shall be and become the sole property of the Defendant/Husband, free and clear of any claims of the Plaintiff/Wife."

{¶5} With respect to the Stock Township property, Rochus quit-claimed her interest to Thompson, which contained the following reservation: "Grantor reserves her one half interest in all future oil and gas royalties paid by Oxford Oil and or [sic] Devco Oil pursuant to Judgment Entry Decree of Divorce Case No. 207-0030 filed November 20, 2007." There are no other reservations of record as to mineral rights.

{¶6} The oil and gas lease on the Stock Township property was eventually assigned to a new lessee, Eclipse Resources-Ohio, LLC. Thompson renegotiated the terms of the lease and entered into an amended lease on March 5, 2015, which permitted the leasehold acreage to be pooled with other lands to create a larger drilling unit to facilitate hydraulic fracturing. Among other things, the amended lease increased the royalty percentage from 12.5% (a standard $1/8$ royalty) to 15% and provided a bonus payment of $1,500.00 per net mineral acre.

{¶7} On November 18, 2015, Rochus filed a motion to enforce the divorce decree. She asserted that as she was granted one-half of the rents and royalties, she was also entitled to one-half of the bonus payment. Thompson opposed the motion. In a February 18, 2016 judgment entry, the trial court granted Rochus' motion:

> The issue involves acreage in Stock Township. At the time of the Court's decree, that acreage was subject to an existing oil and gas lease and exploration for oil and gas was underway. Any "rents" and "any royalties received from said production" were to be divided equally to the two parties.
>
> Defendant has apparently negotiated some changes to the existing lease, and a "bonus payment" is now due the landowner.
>
> Defendant now argues that the "bonus payment" is not "rent" nor is it "royalties received from said production," and therefore Defendant is entitled to the whole bonus payment. Plaintiff disagrees.
>
> At the outset, this Court is fairly well acquainted with oil and gas litigation. Specifically[,] this Court is familiar with the phrase "bonus payment," and is also aware that the phrase "advance rental" is used

interchangeably with "bonus payment."

Be that as it may, this Court is asked to interpret its own order. Hindsight is 20/20, and perhaps this Court may have more artfully chosen language to set forth the Court's intent, The Court was well aware of the existing lease. As long as that lease was in existence, modified or not, payments arising from that lease were to be divided equally to the parties. Calling a payment by another name would not change its nature. A rose by any other name would smell as sweet.

The "bonus payment" in question shall be divided equally to the parties.

### Division of Bonus Payment

{¶8} Thompson raises two assignments of error which are interrelated and will be discussed together:

The trial court erred and/or abused its discretion by redefining terms of usage to accomplish a modification of the marital property decree which would otherwise be prohibited under §3105.171(I) O.R.C.

The court erred and/or abused its discretion in awarding a non-participating royalty owner rights and privileges ordinarily conferred upon landowners and mineral owners contrary to Ohio case law.

{¶9} Thompson asserts that by dividing the bonus payment, the trial court impermissibly modified the final divorce decree in violation of R.C. 3105.171(I), and further that the order runs counter to established oil and gas law precedent. Rochus counters that the trial court was merely interpreting and enforcing its prior order.

{¶10} R.C. 3105.171(I) provides: "A division or disbursement of property or a distributive award made under this section is not subject to future modification by the court except upon the express written consent or agreement to the modification by both spouses."

**{¶11}** However, a domestic relations court also has broad discretion and power to clarify and enforce its own orders. *See generally* R.C. 3105.011. It is well-settled that " '[a] trial court has the right to construe and clarify its own judgment, and such construction does not amount to a modification thereof.' " *In re M.E.H.*, 4th Dist. No. 09CA43, 2010-Ohio-2237, ¶ 15, *Hoffman v. Twp. of Green*, 9th Dist. No. 14567, citing *Hofer v. Hofer*, 42 N.E.2d 165, 35 Ohio Law Abs. 486 (1940). Thus, while a trial court "has broad discretion in clarifying the terms of its previous decree* * * a court order purporting to clarify the prior judgment may not vary from, enlarge, or diminish the relief embodied in the final decree." *Pierron v. Pierron*, 4th Dist. Nos. 07CA3153, 07CA3159, 2008-Ohio-1286, ¶ 7.

**{¶12}** This court explained the balance between the statutory language and a domestic court's broad discretion:

> While it is true that R.C. 3105.171(I) prohibits a trial court from modifying a divorce decree, clarification of an ambiguity in a decree does not violate R.C. 3105.171(I) and its prohibition against modification. *Hale v. Hale*, 2d Dist. No. 21402, 2007-Ohio-867, ¶ 13. It has been explained that when enforcing a prior property distribution, if the terms of the decree are unambiguous then the courts must apply normal rules of construction, i.e. plain language. *Id.* at ¶ 15; *Houchins v. Houchins*, 5th Dist. No.2006CA00205, 2007-Ohio-1450, ¶ 21. But, if the prior order is ambiguous, then the trial court must hear the matter, clarify the meaning, and resolve the dispute through interpretation. *Hale*, 2d Dist. No. 21402, 2007-Ohio-867, ¶ 15, citing *Jackson v. Hendrickson*, 2d Dist. No. 20866, 2005-Ohio-5231; *Houchins*, 5th Dist. No.2006CA00205, 2007-Ohio-1450, ¶ 21 (stating the trial court has broad discretion to clarify ambiguous language in a divorce decree). See, also, *Galvin v. Adkins*, 9th Dist. No. 08CA009322, 2008-Ohio-3202, ¶ 17 (stating that if there is a good faith confusion over the interpretation of a term of a divorce decree the trial court has the power

to clarify the confusion and resolve the dispute).

Ambiguity, as used in this instance, only arises "when a provision in an order or decree is reasonably susceptible of more than one meaning." *McKinney v. McKinney* (2001), 142 Ohio App.3d 604, 609, 756 N.E.2d 694. Furthermore, in resolving the ambiguities, while "a trial court may not modify or rewrite a prior decree in order to ensure that it is equitable, the court must, in interpreting an ambiguous property division, consider both the equities involved and the law in determining the intent." *Hale* at ¶ 15, citing *Proctor v. Proctor* (1997), 122 Ohio App.3d 56, 60, 701 N.E.2d 36 and *Bond v. Bond* (1990), 69 Ohio App.3d 225, 227, 590 N.E.2d 348.

Thus, as can be seen from a recitation of the law, clarifying an ambiguous order is permitted.

*Dennison v. Dennison*, 7th Dist. No. 08 MO 1, 2008-Ohio-6924, ¶ 21-23.

**{¶13}** In *Dennison*, this court went on to determine that because the trial court there found its prior order to be ambiguous, it was permitted to clarify it. *Id.* at ¶ 23. Such is the case here. The trial court determined "it may have more artfully chosen language to set forth the Court's intent[;]" thus finding that the language it used in the final decree was ambiguous.

**{¶14}** Further, the trial court's decision that pursuant to the decree Rochus was entitled to half the bonus payment, does not run counter to established precedent regarding oil and gas law.

**{¶15}** An oil and gas royalty interest constitutes personal property. *Pollock v. Mooney*, 7th Dist. No. 13 MO 9, 2014-Ohio-4435, ¶ 16. Further, as this court has explained:

"* * * A royalty has been defined as an agreed return paid for oil or gas reduced to possession and taken from the leased premises, and as a share of the profits or proceeds from gas and oil operations. An oil

and gas 'royalty' has been described as that fractional interest in the production of oil or gas that was created by the owner of land, either by reservation when the mineral lease was entered into, or by direct grant to a third person. And the word 'royalty' as applied to an existing oil and gas lease has been said to refer to the compensation provided in the lease for the privilege of drilling for, and producing, oil and gas, and is said to consist of a share of the oil and gas produced or the profits therefrom but not to include a perpetual interest in the realty."

*Buegel v. Amos*, 7th Dist. No. 577, 1984 WL 7725, *1 (June 5, 1984), quoting 38 American Jurisprudence 2d 670, Gas and Oil, Section 189.

**{¶16}** In addition, bonus payments have been considered advance royalties. *See Prichard v. Helvering*, 310 U.S. 404, 409, 60 S.Ct. 952, 84 L.Ed. 1277 (1940); ("Cash bonus payments, when included in a royalty lease, are regarded as advance royalties and are given the same tax consequences."); *Texas Co. v. Parks*, 247 S.W.2d 179, 184 (Tex.Civ.App.1952) ("bonus payments * * * have been held to be advance royalties.).

**{¶17}** The case Thompson cites, *Buegel, supra*, is not entirely on point. *Buegel* discusses non-participating royalty interests and lays out the attributes of those interests:

"The distinguishing characteristics of a 'non-participating royalty interest' are: (1) Such share of production is not chargeable with any of the costs of discovery and production; (2) the owner has no right to do any act or thing to discover and produce the oil and gas; (3) the owner has no right to grant leases; and (4) *the owner has no right to receive bonuses or delay rentals."*

*Buegel* at *2, quoting *Mounger v. Pittman*, 235 Miss. 85, 108 So.2d 565 (1959) (Emphasis added.)

**{¶18}** Thompson argues that Rochus' interest constitutes a non-participating royalty interest and therefore she is not entitled to half of the bonus payment. However, Thompson ignores that *Buegel* also states that a non-participating royalty interest holder is not entitled to *rentals* either. *Buegel* at *2. Here, the trial court clearly awarded Rochus a one-half interest in any lease rentals. Thompson never challenged the award of rentals by appealing the final decree.

**{¶19}** In sum, both of Thompson's assignments of error are meritless. A domestic relations court is one of equity and has broad discretion to clarify and enforce its prior orders, which it did in this case. *See* R.C. 3105.011 ("The court of common pleas including divisions of courts of domestic relations, has full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters."). *See also Dennison, supra,* at ¶ 21-23. Accordingly, the judgment of the trial court is affirmed.

Waite, J.,

Robb, P. J.,

APPROVED:

 

 

_____

Mary DeGenaro, Judge