[Cite as *Hollis v. Hollis*, 2018-Ohio-4097.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| DEAN A. HOLLIS | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellant | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2018CA0002 |
| RHONDA J. HOLLIS | : |  |
|  | : |  |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Civil appeal from the Morrow County Court
                             of Common Pleas, Domestic Relations
                             Division, Case No. 2015DR00136

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      October 9, 2018

APPEARANCES:

For Plaintiff-Appellant              For Defendant-Appellee
C. CHRISTOPHER ALLEY                  ALISON GILL
142 Granville Street                  655 Cooper Road
Gahanna, OH 43230                     Westerville, OH 43081-8977

*Gwin, P.J.*

{¶1} Appellant appeals the December 20, 2017 judgment entry of the Morrow County Court of Common Pleas, Domestic Relations Division.

*Facts & Procedural History*

{¶2} Appellant Dean Hollis and appellee Rhonda Hollis were married on August 25, 2007. Appellant filed a complaint for divorce on May 5, 2015. On February 28, 2017, the parties entered into a handwritten memorandum of agreement. The handwritten memorandum of agreement was signed by both parties and also signed by counsel for each party. The agreement was read into the record. In the memorandum of agreement, the parties agreed the duration of the marriage was from August 25, 2007 to October 31, 2014. Paragraph 6 of the memorandum of agreement addresses appellant's pension plan with Ohio Operating Engineers ("OOE") and provides as follows:

Defendant is awarded 50% of the marital portion of Plaintiff's retirement with Ohio Operating Engineers. The marital portion is defined as August 25, 2007 to October 31, 2014. Defendant is entitled to any gains or losses, to the extent of her assigned interest, and survivor beneficiary rights for Defendant's marital portion only, to the extent of her assigned interest. Defendant shall have a Qualified Domestic Relations Order prepared and circulated for approval. The terms of the QDRO shall afford Defendant the same benefits, rights and options as the Plaintiff in the Ohio Operating Engineers plan/fund. Defendant is entitled to cost of living adjustments in the plan, to the extent of her assigned interest for Defendant's marital portion only.

{¶3} The parties filed an agreed judgment entry and decree of divorce on March 23, 2017 that incorporated the handwritten memorandum of agreement.

{¶4} On June 7, 2017, appellant filed a motion to enforce the divorce decree. Appellant sought an order from the trial court requiring appellee to sign the Qualified Domestic Relations Order ("QDRO") that was prepared by appellant. Appellee filed a reply on September 20, 2017. The trial court held a hearing on the motion to enforce on September 20, October 20, and December 13, 2017. The following people testified at the hearing: Steven Sebastian, an attorney who drafts benefit plans and assesses QDRO's; David Kelley of QDRO Consultants; Carol Wilson, the OOE Plan Administrator; Albert Minor, Jr., an expert in QDRO's; appellant; and appellee.

{¶5} The trial court issued a judgment entry on December 20, 2017. The trial court found the divorce decree is not ambiguous and the marital portion of the pension is defined as August 25, 2007 to October 31, 2014. Further, that appellant agreed to a time period of 87 months to be used as the numerator in the coverture fraction. The trial court found appellant entered into the memorandum of agreement with the pension statement in his possession and there was a 28 month period during the marriage where he did not make contributions into the pension plan. The trial court further noted appellant was represented by counsel when he entered into the memorandum of agreement and that his counsel did not make a request that the numerator of the coverture fraction be reduced by 28 months when defining the marital portion of the pension.

{¶6} The trial court found the fair way to divide the pension plan is by utilizing a coverture fraction. The trial court also found 87 months for the numerator in the coverture

fraction may not now be modified. Accordingly, the trial court approved the QDRO submitted by appellee. The trial court also denied appellee's request for attorney fees.

{¶7} Appellant appeals the December 20, 2017 judgment entry of the Morrow County Court of Common Pleas, Domestic Relations Division, and assigns the following as error:

{¶8} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY NOT FOLLOWING THE UNAMBIGUOUS LANGUAGE IN THE DIVORCE DECREE THAT AWARDS DEFENDANT 50% OF THE MARITAL PORTION OF PLAINTIFF'S OOE PENSION.

{¶9} "II. THE TRIAL COURT ACTED UNREASONABLY AND ARBITRARILY IN FINDING THAT THE UNAMBIGUOUS, PLAIN LANGUAGE OF THE DIVORCE DECREE REQUIRES A COVERTURE FRACTION TO BE UTILIZED IN THE DIVISION OF PLAINTIFF'S PENSION.

{¶10} "III. THE TRIAL COURT ACTED UNREASONABLY AND ARBITRARILY BY ORDERING THAT THE NUMERATOR/DENOMINATOR IN A COVERTURE FRACTION INCLUDE TIME DURING THE MARRIAGE WHEN PLAINTIFF WAS NOT ACCUMULATING BENEFITS, NO VALUE WAS BEING ACCRUED AND PLAINTIFF WAS EMPLOYED BY EMPLOYERS THAT WERE NOT PARTICIPANTS IN THE OOE PENSION."

I., II., III.

{¶11} We will consider appellant's three assignments of error together as they are interrelated on the issue of the interpretation of the parties' agreed entry and decree of divorce. Appellant argues the trial court should have used the QDRO prepared by him rather than the QDRO prepared by appellee that utilized a coverture fraction. Further,

appellant contends the trial court erred in finding the language of the agreed entry and decree were unambiguous.

**{¶12}** Once a court has made an equitable property division, the trial court does not have jurisdiction to modify its decision. R.C. 3105.171(I). The trial court, however, retains broad jurisdiction to clarify and construe its original property division so as to effectuate the judgment. *Oberst v. Oberst*, 5th Dist. Fairfield No. 09-CA-54, 2010-Ohio-452; *Knapp v. Knapp,* 4th Dist. Lawrence No. 05CA2, 2005-Ohio-7105.

**{¶13}** Because the divorce decree incorporates an agreed judgment entry, the determination of the above involves the application of the general rules of contract interpretation. Where ambiguity is complained of and where the parties dispute the meaning of clauses in the agreement, it is the duty of the court to examine the contract and determine whether the ambiguity exists. *Id.* If an ambiguity does exist, the court has the duty and the power to clarify and interpret such clauses by considering the intent of the parties as well as the fairness of the agreement. *Id.*; *Houchins v. Houchins*, 5th Dist. Stark No. 2006CA00205, 2007-Ohio-1450. The question of perceived inequity is not relevant to the issue of whether the language of the decree is ambiguous on its face. *Oberst v. Oberst*, 5th Dist. Fairfield No. 09-CA-54, 2010-Ohio-452, citing *Pierron v. Pierron*, 4th Dist. Scioto No. 07CA3153, 07CA3159, 2008-Ohio-1286.

**{¶14}** However, if the terms of the decree are unambiguous, then the courts must apply the normal rules of construction. *Id.* The interpretation of the clause is a matter of law and the court must interpret the intent of the parties using only the language employed. *Id.* "[W]hen a term in an agreement is unambiguous, then the words must be given their plain, ordinary and common meaning; however, when the term is not clear,

parol evidence is admissible to explain the meaning of the words." *Forstner v. Forstner*, 68 Ohio App.3d 366, 588 N.E.2d 285 (11th Dist. 1990).

**{¶15}** We have previously held that the determination of whether an ambiguity exists is a question of law to which we apply a de novo standard of review. *Barnes v. Barnes*, 5th Dist. Stark No. 2003CA00383, 2005-Ohio-544.

**{¶16}** The agreed judgment entry and decree awards appellee a specific percentage of the pension and details the term of the marriage for purposes of determining appellee's marital share of the pension. The decree specifically states that "Defendant is awarded 50% of the marital portion of Plaintiff's retirement with Ohio Operating Engineers." The agreed judgment entry and decree also includes language that specifically states the beginning and ending date to be used to define the marital portion, as the agreed judgment entry and decree provides, "the marital portion is defined as August 25, 2007 to October 31, 2014."

**{¶17}** Based upon our review, we find there is nothing ambiguous or uncertain about the pension provision. The decree provides that appellee is awarded 50% of the marital portion of appellant's pension. The marital portion is defined in the decree as that part of the pension benefit earned from August 25, 2007 to October 31, 2014. While the parties could have agreed to something else, they did not. The agreed judgment entry and decree do not exclude or carve out from the marital portion the months that appellant was not contributing to the pension plan. Appellant cannot come back now and ask the court to rewrite the provision to exclude these months, as to do so would rewrite the parties' agreement. If appellant wanted to exclude those months, he was required to do so when the provision was being drafted and the agreement negotiated. Accordingly, the

trial court did not err in finding the decree is not ambiguous, in applying the decree as it was written utilizing a coverture fraction, and in including the months from August 25, 2007 to October 31, 2014 (87 months) for the numerator in the coverture fraction.

{¶18} Appellant also argues that, based on the testimony of the expert witnesses and the plan administrator, the trial court erred in failing to utilize the most accurate means of dividing the marital portion of the pension and thus acted unreasonably and arbitrarily. However, since we found the decree is unambiguous as to the pension provision, parol evidence is not admissible to explain the provision and we must instead rely on the plain language in the provision. The trial court thus correctly applied the decree as it was written rather than construing it.

{¶19} Based on the foregoing, appellant's assignments of error are overruled.

{¶20} The December 20, 2017 judgment entry of the Morrow County Court of Common Pleas, Domestic Relations Division, is affirmed.

By: Gwin, P.J.,

Hoffman, J., and

Baldwin, J., concur